MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
James A. Goeke
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 0 4 2014

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,           )    **2:14-CR-161-WFN**
                                    )
            Plaintiff,              )    INDICTMENT
                                    )
     vs.                            )    Vio: 18 U.S.C. § 2423(b)
                                    )         Travel with Intent to Engage in
CRAIG ALLEN MORGENSTERN,            )         Illicit Sexual Contact with a
                                    )         Child (Counts 1, 3, & 5)
            Defendant.              )
                                    )         18 U.S.C. § 2251(a)
                                    )         Production of Child
                                    )         Pornography
                                    )         (Counts 2, 4, 6, & 8)
                                    )
                                    )         18 U.S.C. § 2241(c)
                                    )         Aggravated Sexual Abuse of a
                                    )         Child (Count 7)
                                    )
                                    )         18 U.S.C. § 2251(a)
                                    )         Attempted Production of Child
                                    )         Pornography (Count 9)
                                    )
                                    )         18 U.S.C. § 2253
                                    )         Notice of Forfeiture
                                    )         Allegations

INDICTMENT - 1

The Grand Jury Charges:

## COUNT 1

On or about September 30, 2008, the Defendant, CRAIG ALLEN MORGENSTERN, knowingly traveled in interstate commerce from the Eastern District of Washington to Hayden, Idaho, for the purpose of engaging in illicit sexual conduct, to wit: a sexual act with Victim A, a minor under the age of eighteen years old, such sexual act being defined in 18 U.S.C. § 2246, and such sexual act which would have been in violation of Chapter 109A-Sexual Abuse, had the sexual act occurred in the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2423(b).

## COUNT 2

On or about September 30, 2008, in the Eastern District of Washington and Idaho, the Defendant, CRAIG ALLEN MORGENSTERN, did employ, use, persuade, induce, entice, and coerce a minor, identified as Victim A, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce and foreign commerce and was transported from Idaho to Washington in interstate commerce, in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 3

On or about April 30, 2010, the Defendant, CRAIG ALLEN MORGENSTERN, knowingly traveled in interstate commerce from the Eastern District of Washington to Hayden, Idaho, for the purpose of engaging in illicit sexual conduct, to wit: a sexual act with Victim B, a minor under the age of eighteen years old, such sexual act being defined in 18 U.S.C. § 2246, and such sexual act which would have been in violation of Chapter 109A-Sexual Abuse, had the sexual act

INDICTMENT - 2

occurred in the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2423(b).

## COUNT 4

On or about April 30, 2010, in the Eastern District of Washington and Idaho, the Defendant, CRAIG ALLEN MORGENSTERN, did employ, use, persuade, induce, entice, and coerce a minor, identified as Victim B, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce and foreign commerce and was transported from Idaho to Washington in interstate commerce, in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 5

On or about May 1, 2010, the Defendant, CRAIG ALLEN MORGENSTERN, knowingly traveled in interstate commerce from the Eastern District of Washington to Hayden, Idaho, for the purpose of engaging in illicit sexual conduct, to wit: a sexual act with Victim C, a minor under the age of eighteen years old, such sexual act being defined in 18 U.S.C. § 2246, and such sexual act which would have been in violation of Chapter 109A-Sexual Abuse, had the sexual act occurred in the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2423(b).

## COUNT 6

On or about May 1, 2010, in the Eastern District of Washington and Idaho, the Defendant, CRAIG ALLEN MORGENSTERN, did employ, use, persuade, induce, entice, and coerce a minor, identified as Victim C, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce and foreign commerce and was transported from Idaho to Washington in interstate commerce, in violation of 18 U.S.C. § 2251(a) and (e).

INDICTMENT - 3

## COUNT 7

On or about October 1, 2011, in the Eastern District of Washington and Idaho, the Defendant, CRAIG ALLEN MORGENSTERN, knowingly crossed a State line with the intent to engage in a sexual act, to wit: a sexual act with Victim D, a person who had not attained the age of twelve years, such sexual act being defined in 18 U.S.C. § 2246, in violation of 18 U.S.C. § 2241(c).

## COUNT 8

On or about October 1, 2011, in the Eastern District of Washington and Idaho, the Defendant, CRAIG ALLEN MORGENSTERN, did employ, use, persuade, induce, entice, and coerce a minor, identified as Victim D, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce and foreign commerce and was transported in interstate commerce, in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 9

On or about October 17, 2014, in the Eastern District of Washington, the Defendant, CRAIG ALLEN MORGENSTERN, attempted to employ, use, persuade, induce, entice, and coerce a minor, identified as Victim D, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce and foreign commerce and was transported in interstate commerce and foreign commerce, in violation of 18 U.S.C. § 2251(a) and (e).

INDICTMENT - 4

## NOTICE OF FORFEITURE ALLEGATIONS

1.  The allegations contained in Counts 2,4,6,8 and 9 of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253.

2.  Upon conviction of the offenses alleged in Counts 2,4,6,8 and 9 of this Indictment, in violation of 18 U.S.C. § 2251, the Defendant, CRAIG ALLEN MORGENSTERN, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

### REAL PROPERTY

(1) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 18225 North Astor Court, Colbert, Washington, legally described as follows:

Lot 21, Block 1, Parker Estates, according to the plat thereof recorded in Volume 31 of Plats, Page(s) 28 and 29, Records of Spokane County, Washington.

Situate in the County of Spokane, State of Washington

Assessor's Parcel Number(s): 37203.2921

INDICTMENT - 5

(2) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 13103 West Shore Road, Nine Mile Falls, Washington, legally described as follows:

Lot 14, Block 2, Lakeridge, according to plat thereof recorded December 12, 1955, in Volume C of Plats, Page 11, in Stevens County, Washington.

Tax Parcel Number(s): 0747000

3. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

DATED this 4th day of November 2014.

A TRUE BILL

Michael C. Ormsby
United States Attorney

Stephanie J. Lister
James A. Goeke
Assistant United States Attorneys

INDICTMENT - 6