MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
James A. Goeke
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 1 2015

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,            )    2:14-CR-161-WFN
                                     )
            Plaintiff,               )    SECOND SUPERSEDING
                                     )    INDICTMENT
      vs.                            )
                                     )    Vio:  18 U.S.C. § 2241(c)
CRAIG ALLEN MORGENSTERN,             )         Aggravated Sexual Abuse of a
                                     )         Child (Counts 1, 3, 5, 7, 9, 11,
            Defendant.               )         13, 15 17, 19, 21, 23, 25, 31)
                                     )
                                     )    18 U.S.C. § 2251(a)
                                     )    Production or Attempted
                                     )    Production of Child
                                     )    Pornography (Counts 2, 4, 6,
                                     )    8, 10, 12, 14, 16, 18, 20, 22, 24,
                                     )    26, 28, 30, 32-34)
                                     )
                                     )    18 U.S.C. § 2423(a)
                                     )    Transportation with Intent to
                                     )    Engage in Sexual Contact with
                                     )    a Child (Counts 27, 29)

SECOND SUPERSEDING INDICTMENT - 1

|  |  |
|--|--|
| ) | 18 U.S.C. § 2252A(a)(2) |
| ) | Receipt of Child Pornography |
| ) | (Count 35) |
| ) | |
| ) | 18 U.S.C. § 2252A(a)(5)(B) |
| ) | Possession of Child |
| ) | Pornography (Count 36) |
| ) | |
| ) | 18 U.S.C. § 2253 |
| ) | Notice of Forfeiture |
| ) | Allegations |

The Grand Jury Charges:

## COUNT 1

In or about September 2008, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 2

On or about September 30, 2008, in the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

SECOND SUPERSEDING INDICTMENT - 2

## COUNT 3

In or about October 2008, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 4

On or about October 7, 2008, through on or about October 8, 2008, in the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 5

In or about October 2008, in the Eastern District of Washington and Tennessee, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 6

On or about October 17, 2008, through on or about October 20, 2008, in the Eastern District of Washington and in Tennessee, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 7

In or about December 2008, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 8

On or about December 6, 2008, through on or about December 7, 2008, the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign

SECOND SUPERSEDING INDICTMENT - 4

commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 9

In or about December 2008, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim F", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 10

On or about December 6, 2008, through on or about December 7, 2008, the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim F", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 11

From in about January 2009, and continuing until from in or about February 2009, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim F", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than

Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 12

On or about February 1, 2009, in the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim F", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 13

In or about May 2009, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

## COUNT 14

On or about May 14, 2009, through on or about May 15, 2009, in the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign

SECOND SUPERSEDING INDICTMENT - 6

commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 15

In or about June 2009, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

### COUNT 16

On or about June 21, 2009, in the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 17

In or about September 2009, in the Eastern District of Washington and Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim A", who had attained the age of 12 years but had not attained the age of 16 years, and who is at least four years younger than Defendant, CRAIG ALLEN MORGENSTERN, all in violation of 18 U.S.C. § 2241(c).

### COUNT 18

On or about September 11, 2009, in the Eastern District of Washington and in Meridian, Mississippi, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 19

From in or about April 2010, and continuing through in or about May 2010, in the Eastern District of Washington and Idaho, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim B", who had not attained the age of 12 years, all in violation of 18 U.S.C. § 2241(c).

### COUNT 20

On or about April 30, 2010, through on or about May 1, 2010, in the Eastern District of Washington and in Idaho, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim B", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

SECOND SUPERSEDING INDICTMENT - 8

### COUNT 21

From in or about April 2010, and continuing through in or about May 2010, in the Eastern District of Washington and Idaho, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim C", who had not attained the age of 12 years, all in violation of 18 U.S.C. § 2241(c).

### COUNT 22

On or about April 30, 2010, through on or about May 1, 2010, in the Eastern District of Washington and in Idaho, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim C", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 23

From in or about April 2010, and continuing through in or about May 2010, in the Eastern District of Washington and Idaho, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim E", who had not attained the age of 12 years, all in violation of 18 U.S.C. § 2241(c).

### COUNT 24

On or about April 30, 2010, through on or about May 1, 2010, in the Eastern District of Washington and in Idaho, Defendant, CRAIG ALLEN

SECOND SUPERSEDING INDICTMENT - 9

MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim E", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 25

In or about November 2010, in the Eastern District of Washington and Idaho, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim C", who had not attained the age of 12 years, all in violation of 18 U.S.C. § 2241(c).

### COUNT 26

On or about November 21, 2010, in the Eastern District of Washington and in Idaho, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim C", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 27

In or about January 2011, in the Eastern District of Washington and Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly transport, "Victim A", a minor who had not attained the age of 18 years, in interstate commerce, with the intent that "Victim A" engage in sexual activity for which a

person can be charged with a criminal offense, all in violation of 18 U. S. C. § 2423(a).

## COUNT 28

On or about January 7, 2011, through on or about January 10, 2011, in the Eastern District of Washington, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 29

In or about June 2011, in the Eastern District of Washington and Mississippi, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly transport, "Victim A", a minor who had not attained the age of 18 years, in interstate commerce, with the intent that "Victim A" engage in sexual activity for which a person can be charged with a criminal offense, all in violation of 18 U. S. C. § 2423(a).

## COUNT 30

On or about July 5, 2011, in the Eastern District of Washington, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim A", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

SECOND SUPERSEDING INDICTMENT - 11

## COUNT 31

In or about October 2011, in the Eastern District of Washington and Idaho, Defendant, CRAIG ALLEN MORGENSTERN, did knowingly cross a State line with the intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person to wit: "Victim D", who had not attained the age of 12 years, all in violation of 18 U.S.C. § 2241(c).

## COUNT 32

On or about October 1, 2011, to on or about October 2, 2011, in the Eastern District of Washington and in Idaho, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim D", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 33

On or about October 3, 2014, and continuing through on or about October 4, 2014, in the Eastern District of Washington, Defendant, CRAIG ALLEN MORGENSTERN did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Victim D", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 34

On or about October 17, 2011, in the Eastern District of Washington, Defendant, CRAIG ALLEN MORGENSTERN did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, "Victim D", who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 35

On or about October 12, 2004, and continuing through October 18, 2014 in the Eastern District of Washington and elsewhere, Defendant, CRAIG ALLEN MORGENSTERN did knowingly receive any child pornography, as defined in 18 U.S.C. § 2256(8), the production of which involved the use of a minor engaging in sexually explicit conduct; that has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; all in violation of 18 U.S.C. § 2252A(a)(2) and (b).

### COUNT 36

On or about October 18, 2014, in the Eastern District of Washington, Defendant, CRAIG ALLEN MORGENSTERN did knowingly possess material which contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of a minor who had not attained 12 years of age engaging in sexually explicit conduct, and which visual depictions were of such conduct; that has been mailed, shipped and transported in interstate and foreign commerce, and which was produced using materials which had been mailed, shipped, or transported in interstate and foreign

commerce, by any means including computer, all in violation of 18 U.S.C.§ 2252A(a)(5)(B).

## NOTICE OF FORFEITURE ALLEGATIONS

1.  The allegations contained in Counts 1 - 36 of this Second Superseding Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 2253, 2428.

2.  Upon conviction of the offense(s) alleged in Counts 1 – 26, 28, 30 - 36, of this Superseding Indictment, in violation of 18 U.S.C. §§ 2241, 2251, 2252A, the Defendant, CRAIG ALLEN MORGENSTERN, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

### REAL PROPERTY

1)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 18225 North Astor Court, Colbert, Washington (Counts, legally described as follows:

Lot 21, Block 1, Parker Estates, according to the plat thereof recorded in Volume 31 of Plats, Page(s) 28 and 29, Records of Spokane County, Washington.

Situate in the County of Spokane, State of Washington

Assessor's Parcel Number(s): 37203.2921

2) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 13103 West Shore Road, Nine Mile Falls, Washington, legally described as follows:

Lot 14, Block 2, Lakeridge, according to plat thereof recorded December 12, 1955, in Volume C of Plats, Page 11, in Stevens County, Washington.

Tax Parcel Number(s): 0747000

DIGITAL DEVICES/COMPUTERS/PERIPHERALS

3) Any and all digital devices and peripherals, including but not limited to, computers, external hard drives, iPads, phones, cameras and video and arcade games.

3. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

4. Upon conviction of the offense(s) alleged in Counts 27, 29, of this Superseding Indictment, in violation of 18 U.S.C. § 2423, the Defendant, CRAIG ALLEN MORGENSTERN, shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and any property, real or personal,

SECOND SUPERSEDING INDICTMENT - 15

constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation.

The property to be forfeited includes, but is not limited to, the following:

REAL PROPERTY

1)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 18225 North Astor Court, Colbert, Washington, legally described as follows:

Lot 21, Block 1, Parker Estates, according to the plat thereof recorded in Volume 31 of Plats, Page(s) 28 and 29, Records of Spokane County, Washington.

Situate in the County of Spokane, State of Washington

Assessor's Parcel Number(s): 37203.2921

2)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 13103 West Shore Road, Nine Mile Falls, Washington, legally described as follows:

Lot 14, Block 2, Lakeridge, according to plat thereof recorded December 12, 1955, in Volume C of Plats, Page 11, in Stevens County, Washington.

SECOND SUPERSEDING INDICTMENT - 16

Tax Parcel Number(s): 0747000.

DATED this ___/___ day of December, 2015.

A TRUE BILL

*[signature]*

Michael C. Ormsby
United States Attorney

*[signature]*

Stephanie J. Lister
Assistant United States Attorney

James A. Goeke
Assistant United States Attorney

SECOND SUPERSEDING INDICTMENT - 17