1  MICHAEL C. ORMSBY
2  United States Attorney
   Eastern District of Washington
3  Stephanie J. Lister
4  Assistant United States Attorney
   James A. Goeke
5  Assistant United States Attorney
6  Post Office Box 1494
   Spokane, WA 99210-1494
7  Telephone: (509) 353-2767

8
                 UNITED STATES DISTRICT COURT
9                EASTERN DISTRICT OF WASHINGTON

10  UNITED STATES OF AMERICA,
11                                          14-CR-161-WFN
                    Plaintiff,
12
13          vs.                             United States' Motion for
                                            Victim-Witnesses to Attend Trial
14  CRAIG ALLEN MORGENSTERN,
15                                          February 17, 2016, at 10:00 a.m.
                    Defendant.
16
17
18

19      Plaintiff, United States of America, by and through Michael C. Ormsby, United
20  States Attorney, for the Eastern District of Washington, and Stephanie J. Lister and
21  James A. Goeke, Assistant United States Attorneys for the Eastern District of
22  Washington, moves this Court for an Order allowing victim-witnesses "Parent of
23  Person D" and "Parent of Persons B, C and E" to watch the entire trial, even though
24  they will likely testify during this trial.
25      Witnesses are generally barred from watching other witnesses' testimony until
26  after they are excused by the court as a witness. However, Section 3771 of Title 18,
27  entitled "Crime Victim's Rights", established the victim's right to attend the trial.
28  Section 3771 provides in relevant part:

Motion for Victim-Witnesses to Attend Trial- 1

> (a) Rights of crime victims. A crime victim has the following rights:
>
> \*\*\*\*
>
> (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

18 U.S.C. Section 3771(a)(3). A crime victim, then, has the conditional right not to be excluded from trial. *See generally United States v. Charles*, 456 F.3d 249 (1st Cir. 2006). Further, Section 3771 speaks to the exclusion of the witness from "other testimony." According to the very terms of Section 3771, the court may only exclude the witness from testimony upon a specific finding "by clear and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will alter his or her testimony." *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006). As the *Mikhel* Court went onto say,

> Because there is always a *possibility* that one witness will alter his testimony based on the testimony of another, were this the standard, a district court could without exception exclude crime victims, and Congress's intent to abrogate Rule 615 with respect to crime victims would be rendered meaningless.

*Id*. The *Mikhel* Court imposed a materiality standard on Section 3771(a)(3) as well, remanding the case to the district court to consider whether clear and convincing evidence proves that the victim-witnesses' testimony will be "materially altered" if they are allowed to attend the trial in its entirety. *Id*. (citing *U.S. v. Johnson*, 362 F.Supp.2d 1043, 1056 (N.D. Iowa 2006).

The victim-witnesses are both parents of minor victims under the age of 18 and are considered "crime victims" pursuant to 18 U.S.C. 3771 (e). The testimony of both the "Parent of Person D" and the "Parent of Persons B, C, and E" will be limited to how members of their family meet and became friends with the Defendant and will include the identification of photographs of their minor children and other records.

The testimony of both these witnesses will not be altered by the testimony of other witnesses.

The government respectfully requests that the Court issue an Order allowing victim-witnesses "Parent of Person D" and "Parent of Persons B, C and E" to view the entire trial, regardless of when they are called as government witnesses.

Dated: February 16, 2016.

MICHAEL C. ORSMBY
United States Attorney

*s/ Stephanie J. Lister*
Stephanie J. Lister
Assistant United States Attorney

James A. Goeke
Assistant United States Attorney

Motion for Victim-Witnesses to Attend Trial- 3

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryan P. Whitaker
whitakerattorney@hotmail.com

*s/ Stephanie J. Lister*
Stephanie J. Lister
Assistant United States Attorney

Motion for Victim-Witnesses to Attend Trial- 4