Bryan P. Whitaker
Attorney at Law
815 W. 7th Ave., Suite 303
Spokane, WA  99204
(509) 315-9947

Attorney for Craig Allen Morgenstern

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CRAIG ALLEN MORGENSTERN, <br><br> Defendant | Case No.: CR-14-00161-WFN-1 <br><br> DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT |

The Defendant, Craig Morgenstern, by and through his attorney of record Bryan P. Whitaker, submits the following Objections and Exceptions to the Presentence Investigation Report filed in this case.

PART A – The Offense Conduct

**Paragraphs 12 through 66** – Understanding the source of the information, Craig Morgenstern generally denies the accuracy of the information provided.

Specific to **Paragraphs 37 and 66**, the trial testimony of the FBI Case Agent reflected that an estimate had been made of the number of depictions and that estimate was approximately 100,000 depictions, not one million.

**Paragraph 81 and 190 – Application of § 2G1.3(b)(1)(B)**

The two-level increase because the minor was in the custody, care or supervisory control of the defendant should not be applied. The recitation of facts in the presentence report does not support this application of an upward adjustment in the offense level. Section 2G1.3(b)(1) (B) refers to a defendant's role with respect to the minor that is comparable to that of the parents,

Objections to PSI - 1

relatives, and legal guardians covered by subsection (A) and applies only to defendants who exploit a pre-existing parent-like position of authority. The Sentencing Guidelines Commission Commentary provides examples of individuals to whom the enhancement may apply, citing "teachers, day care providers, baby-sitters, or other temporary caretakers." **U.S.S.G. § 2G1.3 cmt. n. 2(A)**. These examples reinforce the inference that a subsection (B) defendant's role with respect to a minor must be broadly comparable to that of parents, relatives, and legal guardians. And while the enhancement is intended to have "broad application," courts should "look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship." **Id. § 2G1.3 cmt. n. 2(A)**. **United States v. Brooks**, 610 F.3d 1186, 1201-02 (9th Cir. 2010).

**Paragraphs 108, 116, 131, 146, 160, 175, 205, 213, 228, 243, 258, 273, 279, 285, 300, 308 and 316 – Application of § 2G2.1(b)(5)**

The recitation of facts does not support the application of an upward adjustment in the offense level. The analysis applied to Section 2G1.3(b)(1)(B) applies to this section as well. The statutory language, "if the minor was otherwise in the custody, care, or supervisory control of the defendant," is exactly the same for each enhancement. Further, the Commentary in Note 3 of Section 2G2.1(b)(5) is exactly the same as Note 2 of Section 2G1.3(b)(1)(B) as it relates to the actual relationship between the defendant and the minor and not simply to the legal status of the defendant-minor relationship.

**Paragraphs 100, 123, 138, 153, 167, 182, 197, 220, 235, 265 and 292 – Application of § 2A3.1(b)(3)(A)**

Again, the recitation of facts in the presentence report does not support the application of an upward adjustment in the offense level under Section 2G2.1(b)(5). The analysis for application of this section should be the same as Section 2G1.3(b)(1)(B) presented in **United**

Objections to PSI - 2

**States v. Brooks**. The Commentary in Note 3 of this section continues to use the exact same language related to custody, care and supervision found in the previous two sections.

**Paragraphs 82, 204, 227, 242 and 257 – Application of §§ 2A3.1(b)(4)(A) and 2G2.1(b)(5)**

The recitation of facts in the presentence report does not support the application of an upward adjustment in the offense level for a "sex act." The statutory definition of a "sex act" is found in 18 U.S.C. § 2246(2)(A-D). The facts presented are more appropriately characterized as "sexual contact," defined in 18 U.S.C. § 2246(3). The increases based on these sections should not be applied.

**Paragraph 321**

The above reductions in offense levels would impact the grouping calculations in this paragraph as follows:

| | | |
|---|---|---|
| Count Group 1 (26 & 28) | 32 (from 34) | 0.0 units (no change) |
| Count Group 2 (34 & 35) | 42 (no change) | 1.0 unit  (no change) |
| Count 1 | 42 (from 44) | 1.0 unit  (no change) |
| Count 2 | 38 (from 40) | 0.5 unit  (no change) |
| Count 3 | 38 (from 40) | 0.5 unit  (no change) |
| Count 4 | 42 (from 44) | 1.0 unit  (no change) |
| Count 5 | 40 (no change) | 0.5 unit  (no change) |
| Count 6 | 44 (no change) | 1.0 unit  (no change) |
| Count 7 | 38 (from 40) | 0.5 unit  (no change) |
| Count 8 | 42 (from 44) | 1.0 unit  (no change) |
| Count 9 | 36 (from 38) | 0.0 units (from 0.5) |
| Count 10 | 42 (from 44) | 1.0 unit  (no change) |
| Count 11 | 38 (from 40) | 0.5 unit  (no change) |

Objections to PSI - 3

| | | |
|---|---|---|
| Count 12 | 42 (from 44) | 1.0 unit (no change) |
| Count 13 | 38 (from 40) | 0.5 unit (no change) |
| Count 14 | 42 (from 44) | 1.0 unit (no change) |
| Count 15 | 36 (from 40) | 0.0 units (from 0.5) |
| Count 17 | 36 (from 38) | 0.0 units (from 0.5) |
| Count 18 | 44 (no change) | 1.0 unit (no change) |
| Count 19 | 38 (from 40) | 0.5 unit (no change) |
| Count 20 | 46 (no change) | 1.0 unit (no change) |
| Count 21 | 40 (from 42) | 0.5 unit (from 1.0) |
| Count 22 | 46 (no change) | 1.0 unit (no change) |
| Count 23 | 40 (from 42) | 0.5 unit (from 1.0) |
| Count 24 | 46 (no change) | 1.0 unit (no change) |
| Count 25 | 42 (no change) | 1.0 unit (no change) |
| Count 27 | 36 (no change) | 0.0 units (no change) |
| Count 29 | 32 (no change) | 0.0 units (no change) |
| Count 30 | 46 (no change) | 1.0 unit (no change) |
| Count 31 | 40 (from 42) | 0.5 unit (from 1.0) |
| Count 32 | 40 (no change) | 0.5 unit (no change) |
| Count 33 | 42 (no change) | 1.0 unit (no change) |

Total unit adjustment is a reduction from 23.5 units to 20.5 units.

**PART D – Sentencing Options**

**Paragraph 364 – Guideline Provisions**

The guideline range of imprisonment as stated as "Life;" however, UGGS § 5G1.1(a) states where the statutory authorized maximum sentence is less than the minimum of the applicable guideline range, the statutory maximum sentence shall be the guideline sentence.

Objections to PSI - 4

| | |
|---|---|
| Range for Counts 2, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 32, 33: | 30 years |
| Range for Counts 34 and 35: | 20 years |
| Range for Counts 1, 4, 6, 8, 10, 12, 14, 18, 20, 22, 24, 26, 28 and 30: | Life |

Respectfully submitted this 5th day of July, 2016

<u>S/ Bryan P. Whitaker</u>
Bryan P. Whitaker
Attorney for Craig Morgenstern

Objections to PSI - 5

**CERTIFICATE OF SERVICE**

I, Bryan P. Whitaker, certify that a true and correct copy of the foregoing –

OBJECTIONS TO PSI REPORT

- was sent via CM/ECF and/or mailed postage prepaid with the United States Postal Service to the following parties:

Assistant United States Attorney

Stephanie Lister – USAWAE.SListerECF@usdoj.gov

James Goeke – USAWAE.JGoekeECF@usdoj.gov

Dated this 5th day of July, 2016

S/ Bryan P. Whitaker
Bryan P. Whitaker
815 W. 7th Ave., Suite 303
Spokane, WA 99204
(509) 315-9947

Objections to PSI - 6