Bryan P. Whitaker
Attorney at Law
815 W. 7th Ave., Suite 303
Spokane, WA  99204
(509) 315-9947

Attorney for Craig Allen Morgenstern

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CRAIG ALLEN MORGENSTERN, ) <br> ) <br> Defendant ) | Case No.: 14-CR-00161-WFN <br><br> DEFENDANT'S SENTENCING MEMORANDUM |

The Defendant, Craig Morgenstern, by and through his attorney of record Bryan P. Whitaker, submits the following Memorandum for consideration by the Court in anticipation of sentencing.

A.  Imposition of Sentence

Except as otherwise specifically provided, a  defendant who has been found guilty of an offense described in any  Federal statute  .  .  .  shall  be sentenced in accordance with the provisions of this chapter so  as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in  light of all the circumstances of the case. **18 U.S.C. § 3551(a)**. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

Sentencing Memorandum - 1

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of

defendant as set forth in the guidelines

(6) the need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. **18 U.S.C. § 3553(a)**.

  B. § 3553 Factors Relevant To This Case

      (1) The nature and circumstances of the offense and the history and
           characteristics of the defendant

Craig Morgenstern is a well-educated and formerly productive member of society. When

he graduated from high school he was working as a clerk in a grocery store. Unlike many who

find themselves before a sentencing judge, for the next twelve he actively and continuously

pursued his education, earning degrees in finance and nursing, taking necessary core courses to

qualify for medical school, and eventually becoming a physician. That education is now wasted.

He served as a nurse in the United States Navy, received commendations and promotions.

He served as a doctor for the Veteran's Administration, as well as for civilian hospitals. These

Sentencing Memorandum - 2

acts of humanitarianism and duty have been negated.  He served as a leader in the Inland

Northwest Council of the Boy Scouts of America, taught Tae Kwan Do to people in Colville and

Spokane, served as a Big Brother, and was an assigned photographer for both Hoopfest and the

local YMCA. This service is now seen as predatory and self-indulgent.

Regardless of the sentence imposed by the Court, Craig Morgenstern will be treated as a

pariah, he will never be welcome in social circles, he will never practice medicine. Even

imposition of mandatory minimum sentences will make him unemployable at the end of his

period of incarceration. Again, unlike many facing sentencing in Federal Court, the ripples of

consequence extend far beyond the period of incarceration.

(2) <u>Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>

Congress has, over the course of the past 12 years, continued to increase the Offense Level

for many of the counts charged in this case, increasing the standard range for Aggravated Sexual

Assault eleven levels, from 27 (70 to 80 months) to its current level of 38 (235 to 293 months).

This trajectory to show is that no level of punishment will ever be considered "just" enough for

legislators and their constituencies.

Congressional action has determined that 30 years is the minimum amount of incarceration

a person convicted of Aggravated Sexual Assault will serve. Congress has declared this to be

sufficient to reflect the seriousness of the crime and provided just punishment. No amount of

mitigation will permit a reduction below that term and imposition of such will serve the policy

goals of Congress, even if it exceeds the scope of 18 U.S.C. § 3553 (a).

(3) <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

The harsh reality is that a number of people have been convicted of committing crimes of

this nature and sentenced here in the Eastern District of Washington. Some cases involved

Sentencing Memorandum - 3

situations similar to that of Craig Morgenstern, although the allegations of sexual abuse are typically deferred to the state courts for prosecution.[1] In those cases, any period of incarceration imposed by the state courts is typically run concurrent to federally imposed sentences.

The closest factually to Morgenstern's case is that of **Freeman**, in which the defendant transported his own child back and forth between Richland and Oregon, abusing the child and producing child pornography. This defendant was discovered to be the producer and distributor of one of the most widely disseminated series of child pornography known.[2] Freeman also fled the country, was located in China, and had to be extradited. With all that in mind, the court imposed a sentence of 50 years.

In the other cases, the defendants were consistently discovered through their distribution of child pornography. The belief that Morgenstern would follow this particular pattern was pursued by the case agent, resulting in the investigation of at least one of Morgenstern's co-workers. There is no evidence that indicates that anyone else was ever provided access to the images found in Morgenstern's possession. With the production and uncharged distribution of child pornography, these similarly situated defendants were given mandatory minimum sentences, despite recommendations of life sentences by the Government.

---

[1] **United States v. Mason**, 14-CR-128-RMP: Production of Child Pornography, Receipt of Child Pornography, Possession of Child Pornography (State charges include Third Degree Rape of a Child, Third Degree Child Molestation, and Communicating with a Minor for Immoral Purposes); **United States v. Soto**, 14-CR-110-SMJ: Production of Child Pornography, Possession of Child Pornography (State charges include First Degree Rape of a Child); **United States v. Freeman,** 07-CR-6008-LRS: actually charged in two districts with Production of Child Pornography, as well as Transportation of Child Pornography and Travel in Interstate Commerce to Avoid Prosecution in the Eastern District of Washington and Interstate Transportation of a Minor for the Purpose of both Producing Child Pornography and Engaging in Unlawful Sexual Activity (State charges included three counts of First Degree Rape of a Child).

[2] Identified by the National Center for Missing and Exploited Children as the "Vicky" series, consisting of over 600 images of this child and has been distributed throughout the world.

Sentencing Memorandum - 4

1

CONCLUSION

2       The imposition of a mandatory minimum sentence is appropriate in this case and will

3   satisfy the policy goals of 18 U.S.C. § 3553(a). It would be inconsistent within this District to

4   impose a harsher sentence. It is also unnecessary. With the imposition of a 30 year sentence

5   Craig Morgenstern will spend the balance of his economically productive years unemployed and

6   unemployable. He will forfeit all of the status and respect he worked so hard to achieve. His

7   destruction is complete.

8
        Respectfully submitted this 7th day of July, 2016
9

10

11                                                  S/ Bryan P. Whitaker
                                                    Bryan P. Whitaker
12                                                  Attorney for Craig Morgenstern

13

14

15

16

17

18

19

20

21

22

23

24

25

Sentencing Memorandum - 5

1

**CERTIFICATE OF SERVICE**

2      I, Bryan P. Whitaker, certify that a true and correct copy of the foregoing –

3                          SENTENCING MEMORANDUM

4    -    was sent via CM/ECF and/or mailed postage prepaid with the United States Postal

5         Service to the following parties:

6    Assistant United States Attorney

7    Stephanie Lister – USAWAE.SListerECF@usdoj.gov

8    James Goeke – USAWAE.JGoekeECF@usdoj.gov

9

10   Dated this 7th day of July, 2016

11

12                                          S/ Bryan P. Whitaker
                                            Bryan P. Whitaker
                                            815 W. 7th Ave., Suite 303
13                                          Spokane, WA 99204
                                            (509) 315-9947

14

15

16

17

18

19

20

21

22

23

24

25

Sentencing Memorandum - 6