FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 26 2016

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

AO 245B   (Rev. 02/16) Judgment in a Criminal Case
Sheet 1   Revised by WAED - 06/16

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CRAIG ALLEN MORGENSTERN | Case Number: 2:14-CR-00161-WFN-1 |
| | USM Number: 17551-085 |
| | Bryan P. Whitaker |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    1-15 and 17-35 of the Third Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Third Superseding Indictment Counts |
|---|---|---|---|
| 18 U.S.C. § 2241(c) | Aggravated Sexual Abuse of a Child | 10/31/11 | 1, 4, 6, 8, 10, 12, 14, 18, 20, 22, 24, 30 |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 10/04/14 | 2, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 32 |
| 18 U.S.C. §§ 2423(a), 2427 | Transportation with Intent to Engage in Sexual Contact with a Child | 06/30/11 | 26, 28 |
| 18 U.S.C. § 2251(a) | Attempted Production of Child Pornography | 10/17/14 | 33 |
| 18 U.S.C. § 2252A(a)(2) | Receipt of Child Pornography | 10/18/14 | 34 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   35 of the Third Superseding Indictment    ☑ is   ☐ are   dismissed by order of the Court.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/25/2016
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Hon. Wm. Fremming Nielsen    Senior Judge, U.S. District Court
Name and Title of Judge

July 26, 2016
Date

AO 245B  (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: CRAIG ALLEN MORGENSTERN
CASE NUMBER: 2:14-CR-00161-WFN-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Life

On Counts 1, 4, 6, 8, 10, 12, 14, 18, 20, 22, 24 and 30 of the Third Superseding Indictment;
30 Years each on Counts 2, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 32 and 33 of the Third Superseding Indictment; and
20 Years each on Counts 26, 28 and 34 of the Third Superseding Indictment.
ALL sentences to be served CONCURRENT to one another.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

---

DEFENDANT:  CRAIG ALLEN MORGENSTERN
CASE NUMBER:  2:14-CR-00161-WFN-1

Judgment—Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   Life

On each of Counts 1-15 and 17-34 of the Third Superseding Indictment; ALL terms to run CONCURRENT to one another.

The defendant must comply with the standard conditions of supervision as well as with any special conditions of supervision set forth below:

## STANDARD CONDITIONS OF SUPERVISION

(1) The defendant shall not commit another federal, state or local crime.

(2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance, including marijuana, which remains illegal under federal law. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

(3) ☒ The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers.) *(Check, if applicable.)*

(4) ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable, see 42 U.S.C. § 14135a(d)(all felonies, crimes under Ch. 109A, crimes of violence, and attempts or conspiracy to commit these crimes.) )*

(5) ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act *(42 U.S.C. § 16901, et seq.)* as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

(6) ☐ The defendant shall participate in an approved program for domestic violence if one exists within a 50-mile radius of defendant's legal residence. *(Check, if applicable, see 18 U.S.C. § 3583(d) for defendants convicted of a domestic violence crime defined in § 3561(b).)*

(7) If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fine, or special assessments.

(8) The defendant must report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer tells the defendant to report to a different probation office or within a different time frame.

(9) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed.

(10) The defendant must not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

AO 245B   (Rev. 02/16) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

---

DEFENDANT: CRAIG ALLEN MORGENSTERN
CASE NUMBER: 2:14-CR-00161-WFN-1

Judgment—Page 4 of 8

## STANDARD CONDITIONS OF SUPERVISION (Continued)

(11) The defendant must be truthful when responding to the questions asked by the probation officer.

(12) The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(13) The defendant must allow the probation officer to visit the defendant at reasonable times at his or her home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

(14) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(15) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(16) If the defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, the defendant must notify the probation officer within 72 hours.

(17) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(18) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
          Sheet 3D — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: CRAIG ALLEN MORGENSTERN
CASE NUMBER: 2:14-CR-00161-WFN-1

# SPECIAL CONDITIONS OF SUPERVISION

(19) The defendant shall actively participate and successfully complete an approved state-certified sex offender treatment program. The defendant shall follow all lifestyle restrictions and treatment requirements of the program. The defendant shall participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. The defendant shall allow reciprocal release of information between the supervising officer and the treatment provider. The defendant shall pay for treatment and testing according to his ability.

(20) The defendant shall complete a sex offender evaluation, which may include psychological and polygraph testing. The defendant shall pay according to your ability and allow the reciprocal release of information between the treatment provider and supervising officer.

(21) If the defendant poses a risk to another person or an organization, the probation officer may seek permission from the court to require the defendant to notify that person or organization about the risk. If the court approves, the defendant must provide the notification. The probation officer may contact the person or organization to confirm that the defendant has provided the proper notification.

(22) The defendant shall have no contact with victims or their families in person, by letter or other communication devices, audio or visual devices, or through a third party, unless authorized by the supervising officer. The defendant shall not enter the premises or loiter within 1000 feet of a victim's residence or place of employment.

(23) The defendant shall not possess any type of camera or video recording device; cell phones are excluded but MUST be disclosed and approved by supervising probation officer.

(24) The defendant shall have no contact with any child under the age of 18, without the presence of an adult and approved in advance by the supervising officer. The defendant shall immediately report any unauthorized contact with minor-aged children to the supervising officer.

(25) The defendant shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). The defendant shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. The defendant shall not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

(26) The defendant shall not reside or loiter within 1000 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

(27) The defendant shall not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

(28) You shall allow the probation officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that you possess or have access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. You shall not possess or use any public or private data encryption technique or program. You shall purchase and use such hardware and software systems that monitors your computer usage, if directed by the supervising officer.

(29) You shall maintain a complete and current inventory of your computer equipment and provide it to the supervising officer. You shall provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer.

(30) The defendant shall submit his person, residence, office, vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. The defendant shall warn persons with whom he/she shares a residence that the premises may be subject to search.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 8

DEFENDANT: CRAIG ALLEN MORGENSTERN
CASE NUMBER: 2:14-CR-00161-WFN-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| TOTALS  | $3,300.00      | $0.00    | $10,208.55      |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| KM, Father of Victims B, C and E | $1,606.79 | $1,606.79 | |
| SM, Mother of Victims B, C and E | $456.96 | $456.96 | |
| MB and AB, Parents of Victim D | $8,144.80 | $8,144.80 | |
| **TOTALS** | $ 10,208.55 | $ 10,208.55 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 02/16) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page  7  of  8

DEFENDANT: CRAIG ALLEN MORGENSTERN
CASE NUMBER: 2:14-CR-00161-WFN-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☑ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the Defendant's net household income, whichever is larger, commencing 30 days after the Defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendants Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
  See next page.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
           Sheet 6B — Schedule of Payments

Judgment—Page 8 of 8

DEFENDANT: CRAIG ALLEN MORGENSTERN
CASE NUMBER: 2:14-CR-00161-WFN-1

## ADDITIONAL FORFEITED PROPERTY

SALES PROCEEDS:

Sale proceeds in the amount of $32,163.86 from the interlocutory sale of real property known as 13103 West Shore Road, Nine Mile Falls, Washington.

DIGITAL DEVICES/COMPUTERS/PERIPHERALS:

Any and all digital devices and peripherals, computers, external hard drives, iPads, phones, and cameras, including but not limited to the following listed assets:

1. Olympus Stylus 1030SW camera, 10.1 MegaPixels, Serial No. G13511683;

2. Sony Cyber Shot DSC-W1 camera with tele conversion lens, Serial No. 762958;

3. HP Pavilion p7-1467c CPU tower, Serial No. MXU24202X1;

4. SimpleDrive, Model 96300-40001-001, Sticker # M053345, External Hard Drive;

5. Seagate Backup Plus, Model SRD0SD0, Serial No. NA5KXKX2, 3TB external hard drive;

6. Sixty (60) Disks: 10 with graphics on disk, 50 plain or with handwritten notations; Defendant may retain any disks not containing contraband. It is the Defendant's duty to identify any qualifying disks and notify the Government;

7. One Black Maxtor External Hard Drive, OneTouch 4, 750 GB, Serial No. 2HA1T00G;

8. One Green Maxtor External Hard Drive labeled "Music Files" OneTouch III, 320 GB, EDA No. TA320G0847161;

9. One Western Digital External Hard Drive, Model: WD2500XMS-00, Serial No. WXEY07V49344;

10. One Western Digital External Hard Drive with case, My Passport Ultra, Serial No. WX61A83Y1677;

11. One Western Digital External Hard Drive w/ broken hard cover, My Passport, Serial No. WXP1AB036352;

12. One SmartDisk Firelite External Hard Drive, Model: USBFLB40-C, Lot No. MH6112, 40GB;

13. Acer Aspire X1700 desktop computer, Serial No. PTSBF0X019913061013000;

14. Western Digital "My Passport" external hard drive, Serial No. WX51C62L0372, with case and cord; and

15. Canon EOS 40D digital camera with no lens, Serial No. 0720512710.