JOSEPH H. HARRINGTON
Acting United States Attorney
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         vs.<br><br>CRAIG ALLEN MORGENSTERN,<br><br>                    Defendant. | No. 14-CR-00161-WFN<br><br>**UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT**<br><br>Hearing: September 8, 2017 at 6:30 p.m.<br>(Without Oral Argument) |

The United States of America, by and through Joseph H. Harrington, Acting United States Attorney, and Brian M. Donovan, Assistant United States Attorney, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), requests this Court to enter an order authorizing the Bureau of Prisons to turn over to the Clerk of Court funds in the amount of $13,458.55 held in the inmate trust account for the above named Defendant as payment toward the criminal monetary penalties imposed in this case. In support of this motion, the United States provides the following:

1. The Defendant, Craig Allen Morgenstern, was convicted by a jury trial of 34 counts relating to his criminal conduct:

   • Aggravated Sexual Abuse of a Child (Minor at Least 12 but Under 16), in violation of 18 U.S.C. § 2241(c), (Counts 1,4,6,8,10,12,14 and 18),

   • Aggravated Sexual Abuse of a Child (Under 12), in violation of 18 U.S.C. § 2241(c), (Counts 20, 22, 24, 30),

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 1

• Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (Counts 2,3,5,7,9,11,13,15,17,19,21,23,25,27,29,31 and 32),

• Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (Count 33),

• Transportation with Intent to Engage in Sexual Contact with a Minor, in violation of 18 U.S.C. § 2423(a), (Counts 26 and 28),

• Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), (Count 34), and

• Possession of Child Pornography, in violation of 18 U.S.C. § 2252A (a)(5)(B), (Count 35).

2. On July 25, 2016, this Court sentenced the Defendant to a term of life imprisonment on Counts, 1, 4, 6, 8, 10, 12, 14, 18, 20, 22, 24, and 30 of the Third Superseding Indictment; 30 years each on Counts 2, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 32, 33 of the Third Superseding Indictment; and 20 years each on Counts 26, 28, and 34 of the Third Superseding Indictment with all sentences to be served concurrent to one another, a $3,300 special assessment fee, with restitution in the amount of $10,208.55.

3. The Defendant has paid $50 toward the $3,300 assessment. To date, Defendant has paid no amount toward his restitution, leaving a current balance of $10,208.55, as of August 8, 2017.

4. The Defendant remains in custody at the United States Penitentiary, in Tucson, AZ. He is not scheduled to be released from federal custody.

5. The United States Attorney's Office for this district was recently informed that the Defendant currently maintains substantial funds in his inmate trust account maintained by the Bureau of Prisons ("BOP")[1]. In accordance with its

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 2

regulations, the BOP deposited these funds into the Defendant's trust account, and it currently maintains in its possession, custody, or control approximately $26,949.05 in funds belonging to the Defendant. By this motion, the United States seeks entry of an order authorizing the BOP to turn over these funds to the Clerk of Court as payment toward the Defendant's outstanding criminal monetary penalties.

6. Title 18, United States Code, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including restitution and criminal fines. *See* 18 U.S.C. §§ 3613(a), 3613(f) (United States enforces restitution in the same manner as a fine). In particular, the statute provides that a sentence imposing restitution constitutes a lien in favor of the United States against all of the Defendant's property and rights to property. 18 U.S.C. § 3613(c).

Thus, the United States' lien would attach to the Defendant's interest in funds held by the BOP in his inmate trust account. *See also* 18 U.S.C. §§ 3613(a) (United States enforces restitution against all property and rights to property of the Defendant); 18 U.S.C. § 3664(m) (United States may use all available and reasonable means to collect restitution). Also, pursuant to the Crime Victim Rights Act, the victims of the Defendant's crimes are entitled to full and timely restitution as provided by law. *See* 18 U.S.C. § 3771(a)(6).

7. More importantly, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA"), which applies here, <u>requires</u> that the Defendant's resources received from any source during his term of incarceration must be applied to his outstanding restitution obligation.

---

maintain inmates' monies while they are incarcerated, including monies received by inmates from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmates' account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 3

Specifically, 18 U.S.C. § 3664(n), which provides the procedures for the imposition and enforcement of restitution, states:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, *such person shall be required to apply the value of such resources to any restitution or fine still owed.*

18 U.S.C. § 3664(n) (emphasis added). *See also United States v. Poff*, 2016 WL 3079001, *6 (W.D. Wash. June 1, 2016) (Robart, J.) (VA compensation received by defendant in prison is collectible under § 3664(n)); *United States v. Cunningham, et al.*, 866 F. Supp.2d 1050, 1061-62 (S.D. Iowa 2012) (entire amount of Defendant's disability retirement payments could be garnished while Defendant was incarcerated as necessary and appropriate to effectuate § 3664(n) and the restitution order); *United States v. Khazraeinazmpour,* 2015 WL 5311650, at *1 (D. Minn. Sept. 11, 2015) (§ 3664(n) "requires that a defendant's resources received from any source during a defendant's term of incarceration must be applied to their outstanding restitution obligation").

8.	The United States also submits that an order authorizing the turn over of the Defendant's property is appropriate here, and the United States is not required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. *See Poff*, 2016 WL 3079001 at *6. The funds at issue currently are in the United States' possession, and the United States has a valid lien over this property.

9.	Furthermore, because the property is cash, it does not fall within any applicable categories of the exempt property that a Defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as restitution, federal law provides that only very limited categories of property are exempt from collection. 18 U.S.C. § 3613(a)(l). None of the limited property exemptions applies here. *See Poff*, 2016 WL

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 4

3079001 at *4-6 (rejecting defendant's arguments that VA benefits are statutorily exempted from collection for criminal restitution by the United States from his BOP inmate account); *Metcalf v. United States*, WL 1517821, at *4 n.5 (Fed. Cl. Apr. 15, 2013) (38 U.S.C. § 5301(a)(1) "eliminate[s] any bar to the Federal Government attaching or seizing VA benefits"). Accordingly, Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of restitution.[2]

10. The Defendant also failed to notify this Court and the United States Attorney's Office that he acquired these significant funds as required by the restitution laws and the Judgment entered on July 25, 2016. ECF 159. Federal law states that the Defendant must notify the Court and the United States Attorney's Office of any material change in his "economic circumstances" that might affect the Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of such notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. The receipt of $$26,949.05 in funds by the Defendant here certainly constitutes a material change in his "economic circumstances" that affects his ability to pay restitution under § 3664(k).

11. The United States has served the Defendant with a copy of this motion, and he may object to the United States' intended use of his property. The United States is not aware of any other party who may claim an interest in this property.

12. The United States submits that the requested relief is reasonable and appropriate in this instance where the Defendant has accumulated significant funds in

---

[2] By statute, challenges to a garnishment of the Defendant's property are limited to: (1) the probable validity of any claim of exemption and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted). 28 U.S.C. § 3202(d); *United States v. Lazzari*, 2014 WL 197739 (M.D. Fla. January 15, 2014).

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 5

his inmate trust account, yet has applied no amount toward his restitution obligation. Also, without this relief, the BOP will be required to allow the Defendant access to these funds. This would allow the Defendant, or others, the opportunity to possibly dissipate, conceal, or transfer the funds without first paying restitution.

13. The Defendant is scheduled to remain incarcerated for life. He was convicted of serious offenses, and his restitution obligation is due and owing. Under the Crime Victims Act, the Defendant's victims are entitled to "full and timely" restitution. Accordingly, his victims are owed the excessive proceeds which have accumulated in his inmate trust account; payment of which will fulfill Defendant's criminal restitution and fine obligation.

Accordingly, the United States requests that the Court grant its motion and order that the BOP turn over the funds in the Defendant's inmate trust account to the Clerk of Court to be applied to satisfy in full the Defendant's restitution obligations and criminal fines.

WHEREFORE, for the reasons explained above, the United States requests that this Court grant its motion.

RESPECTFULLY SUBMITTED:   August 9, 2017.

JOSEPH H. HARRINGTON
Acting United States Attorney


s/*Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney
Attorneys for Defendant United States

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 6

## ***CERTIFICATE OF SERVICE***

I hereby certify that on August 9, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Bryan P Whitaker                      whitakerattorney@hotmail.com

And to the following non CM/ECF participants:

    Craig Allen Morgenstern, Reg. No. 17551-085
    FCI Tucson
    Federal Correctional Facility
    9300 South Wilmot Road
    Tucson, AZ 85756

                                    *s/Brian M. Donovan*
                                    Assistant United States Attorney

UNITED STATES' MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT- 7