Mr. Craig A Morgenstern

Reg.No. 17551-085

USP Tucson, P.O.Box#24550

Tucson, AZ.            85734

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 5 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

SPOKANE DIVISION

In Re: Craig A. Morgenstern

   USC No. 2:14-CR-00161

MOTION FOR RETURN OF PROPERTY TO CLAIMANT

LIABILITY FOR WRONGFUL SEIZURE, ATTORNEY FEES

COSTS AND INTERESTS, AND DAMAGES.

Comes now the Petitioner, Craig A. Morgenstern, pursuant to title 28 USC §§ 2465, 3114, and Rule 41(g) F.R.Cr.P., and moves this Honorable Court for the Return of his property; to hold the United States Liable for Wrongful Seizure; costs herefore and any Attorney fees necessary to effectuate these proceedings, inclusive of Lis Pendence damages.

In support of this motion, Petitioner ("Morgenstern") submits as follows.

I.                          INTRODUCTION

Morgenstern was convicted by a Jury in this Court on March 1, 2016 [DE.128] for violations of Exploitation of Children, 18 USC §§ 2251(a), 2251A(a)(2); Aggravated Sexual Abuse. 18 USC § 2241(c); and Transportation with intent to Engage in Sexual Contact with a Minor, 18 USC §§ 2423, 2427.

-1-

[DE.80.] Morgenstern was sentenced to Life, etc., [DE.159] a $3,300.00 Court Assessment fee, and $10,208.55 in restitution [DE.159 @ 6;&,P:8] of which amount the Government exceeds to wit:

II.					AUTHORITY FOR REVIEW

### JURISDICTION

Petitioner, "Morgenstern", submits this Court has Jurisdiction to entertain this cause pursuant to Rule 41(g) Fed.R.Cr.P., and Title 28 USC § 2465, Return of Property to Claimant; Liability for Wrongful Seizure; Attorney Fees; costs and interest; and 18 USC § 3114 Seizure Act.

III.					CLAIMS, I-IV

CLAIM-I: HOME

### WRONGFUL SEIZURE/FORFEITURE

As a result of this Courts Judgment, in the satisfaction of Assessment and Restitution, the Government, [USA], instituted forfeiture proceedings to seize $32,186.83, from the $470,000.00 sale of Mogenstern's home located at 13103 West Shore Road, Nine Mile Falls, Washington, 99013.

The total sanctions imposed by this Court was as follows;

    Court Assessment...$3,300.00
    Restitution.......$10,208.55
    For a Total of....$13,508.55


The USA's seizure of the sales of Morgenstern's home at,

    Home,Sales,Forfeiture:...$32,186.83
    Minus Court Sanctions:...$13,508.55

-2-

Leaves a Remainder of:...$18,678.28

which could not be attributed to crimes or sentencing sanctions under which Morgenstern was convicted.

For these reasons, Mr. Morgenstern submits the USA seized in excess of that Constitutionally permitted by Law, and requests the return of his [$18,678.28] which was Lawfully derived by Morgenstern, and not related to criminal activity.

CLAIM-II: FRP - COURT ASSESSMENT
WRONGFUL SEIZURE/FORFEITURE

Although Mr. Morgenstern has satisfied his debt to the United States/Victims, said Court Assessment - in toto - from the sales of his home as demonstrated above, the Bureau of Prisons has collected Financial Responsibility Payments [FRP] payable to this Courts Clerk for Court Assessment to wit:

December 9th, 2016....FRP $25.00 x10 @ 6% 1.50=15.00

June 9th, 2017.......FRP $25.00 x 3 @ 6% 1.50= 4.50

September 8th, 2017..FRP $25.00

For a Total of..........$75.00

which could not be attributed to crimes or sentencing sanctions for which Morgenstern was convicted.

The Courts acceptance of these FRP Payments, as stressed by the Unites States [@ DE.192, Pg:2, Ln:18] accounting for only $50 at that time added the aforementioned:

CLAIM-I: $18,678.28

FRP....:    $75.00

Totals.: $18,753.28

For these reasons, Mr. Morgenstern submits the USA has seized in excess of that Constitutionally permitted by Law, and requests the return of his $75.00, in cumulation to $18,678.28, for a total of [$18,753.28] Lawfully derived by Morgenstern, and not related to criminal activity.

CLAIM-III: INMATE ACCOUNT $13,458.55
### WRONGFUL FORFEITURE/SEIZURE

Incorporating the aforementioned as if fully set out herein, the USA Moved this Court on August 9th, 2017 with a Motion to Authorize Payment from Inmate Trust Account in the amount of $13,458.55, belonging to Mr. Morgenstern, portrayed to be "Payment toward the Criminal Monetary Penalties 'imposed in this case'". [DE.192]

In support of their Motion, the USA advises the Court that of the [$3,300] Special Assessment Fee, with restitution in the amount of [$10,208.55] [DE.192, @ 2, Ln: 16,17], Morgenstern had only, "paid $50 toward the $3,300 Assessment" and "To date, Morgenstern has paid no amount toward his restitution, leaving a current balance of $10,208.55, as of August 8, 2017. [DE.192, @ 2, Ln:18-20].

In relation to the Governments request for seizure/forfeiture [DE.192] August 9, 2017; this Court issued an order Granting United States' Motion to Authorize Payment from Inmate Trust Account, as payment for the Criminal Monetary Penalties imposed in this case. [believed to be DE.193].

Herefore, the USA seized as Forfeited Monies from Morgensterns Inmate Trust Account in the amount of:

-4-

```
Inmate Trust.....: $13,458.55
Adding FRP.......: $     75.00
Add Home Profit..: $18,678.28
Totals...........: $32,211.83
```

i.e., $32,211.83 in total excess of that Constitutionally required by Law. Thus, Morgenstern requests the return of his Lawfully Derived funds in, thus, a total amount of [$32,211.83], which cannot be attributed to any unlawful activity in any way.

CLAIM IV: House-2 INVESTMENTS/DAMAGE
WRONGFUL SEIZURE/LIS PENDENS

During the United States investigation of Mr. Morgenstern, the United States, inter alia, caused a Lis Pendens to be activated against a second home Located at 18225 North Astor Ct., Colbert, WA 99026, which Morgenstern gifted to his Mother.

The Government allowed the House-2 to remain under Lis Pendens until after Morgensterns conviction and sentence causing foreclosure and loss of investment monies, in the amount of approximately $360,000.00, (i.e., $90,000.00 in upgrading and $270,000.00 down) with a remaining balance of approximately $260,000.00 before the House was purchased in full, owned and gifted to Morgensterns Mother.

As an expected common reaction, the Morgenstern family ceased payments on the home knowing the Government claimed the USA could take Home-2 as they had taken Home One, (at claim-I, above) via forfeiture proceedings. (i.e. sales portions.)

-5-

Thus, in fear of losing any further payment monies. (Non-Reimbursable)

Between the time of "Lis Pendense" against Home-2 and lifting Lis Pendense 21 months had lapsed, setting Home-2 payments $58,800.00 delinquent at $2,800.00 due per-month.

Upon the required Notice of Foreclosures, Interested Persons have Ninety (90) days in which to correct deficiency, which starts at the lifting of Lis Pendense. <u>Omidi v. United States, 851 F.3d 859 (9th Cir. 2017)</u>; <u>U.S. v Bajakajian, 141 L.Ed.2d 314, 524 US 321 (1998)</u>.

At a loss, Ms. Morgenstern was forced to leave her Home (-2) in January of 2008 and rent at <u>$1,000.00</u> per month, elsewhere; consisting of to date, <u>$33,000.00</u> for the last 33-months rental fees, when other available avenue of repair was available, and concealed by the Government, to wit:

At CLAIM-ONE, specifically, the remainder of [$18,678.28] was left after the sale charge, mortgage, and criminal penalty from the $470,000.00 sale of Home-1, which the Morgenstern family could have used to fulfill the 21-month lapse of delinquent payments on House-2 at $58,800.00, with a remainder of $40,121.72 family support payment, to satisfy the Foreclosure of Home-2, leaving a remainder of $191,200.00 before House-2 was paid and owned as gifted to Ms. Morgenstern, in full, which could have clearly been provided by Morgenstern and his Uncle who ceased making payments due "Lis Pendense" - or Petitioner Morgenstern, whose inmate account evidences pot3entail to satisfy such debt. (id., @

CLAIM-3, above.)

## AUTHORITY

IV.    RETURN OF PROPERTY/INTEREST AND DAMAGE

Mr. Morgenstern requests the return of his property, as identified above, inclusive of interests and incurable damages for the wrongful Seizure and Forfeiture of his interest in non-criminal related properties categorically listed below to wit

(A) RETURN OF PROPERTY

CLAIM ONE, TWO AND THREE ABOVE:

Mr. Morgenstern requests the Return of his funds in the amount of $32,211.83 (Thirty Two Thousand, Two Hundred and Eleven Dollars and Eighty Three Cents); which are proceeds Wrongfully Seized and Forfeited by the United States identified as;

```
CLAIM-I,...HOME-1, Sales.......:$18,678.28
CLAIM-II,..FRP................:    $75.00
CLAIM-III,.Inmate Trust Account:$13,458.55
Totaling the Amount of,........:$32,211.83
```

Under the Laws set forth in 18 USC §§ 3663A, 3664, Mandatory Victims Restitution Act [MVRA] and 3572(f), Special Assessments Fee the maximum the United States was allowed to Seize and/or Forfeit from Morgenstern was $13,508.55 (i.e., $10,208.55, MVRA; and $3,300.00, Assessment), which was seized in toto from the sales of Mr. Morgensterns, Home, at CLAIM-I. [DE. 159,@ 6, 8].

Congress intended the U.S. Government as Potential

-7-

Victims under "MVRA", U.S. v. Mateos, 623 F.3d 1350(CA 11 Fla.2010). The Prosecutions standing to seek Restitution under MVRA does not depend on the Victims Actions, because a restitution order is part of the criminal penalty. U.S. v. Ziskind 741 F.3d 266,(2006 CAI Mass) cert. denied,(2007,US) 127 S.Ct. 1902, 167 L.Ed.2d 384, 524 US 321(1998) (deeming that Forfeiture and Restitution is a form of punishment of the crime committed as intended by Congressional enactment, and if the amount of the punitive forfeiture is grossly disproportionate to the gravity of the Defendants offense, then the forfeiture violates the Federal Constitutions Eighth Amendment Clause prohibiting excessive fine). Id.@ Bajakajian.

    In the instant case the Government continues Seizure/Forfeiture of Morgensterns funds beyond what the United States Laws require, with full knowledge of Criminally Imposed Sanctions satisfied in full, as to this date, $32,211.83, which must be returned to Mr. Morgenstern, and placed back on his Inmate Trust Account.

    Mr. Morgenstern persuades this Court pursuant to Rule 41(g), supra and Title 28 USC §2465(a)(1) to find the Government to have Wrongfully Seized and Forfeited the amount of $32,211.83 and, order the Government to return the funds to Mr. Morgenstern; and in addition, apply all costs to the United States for its Wrongful Seizure/Forfeiture, with full reservation of Attorney fees should further action of this nature become necessary. 28:2465(b)(1)(A)(B).

(B) INTERESTS ON PROPERTY/CURRENCY

Mr. Morgenstern seeks Interests on the portions of the $32,211.83 as appropriated with Restitution to wit:

Title 28 USC §2465(b)(1)(B)(C), provides:

"(b)(1) Except as provided in Paragraph (2), in any civil proceeding to forfeit property under any provision of Federal Law in which Claimant substantially prevails, the United States shall be liable for--"

"(A) Reasonable Attorney Fees and other litigation costs reasonably incurred by Claimant;"

"(B) Post-Judgement interests, as set forth in Section 1961 of this Title [28 USC §1961]; and

"(C) in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sate--"

"(i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest bearing account or instrument; and

"(ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid"... "Commencing 15 days after the property was seized by a Federal Law Enforcement Agency or was turned over to a Federal Law Enforcement Agency by a State or Local Law Enforcement Agency."

"(2)(A) The United States shall not be required to disgorge the value of any intangible benefits nor make any other payments to the Claimant not

-9-

Specifically authorized by this subsection."

In Re: CLAIM-I. [HOME-I]

Invoking the restrictions of 28 USC §2465(b)(2)(A), prohibiting the United States from diminishing the value of intangible benefits, Mr. Morgenstern requests Interests on the following Wrongfully Seized and Forfeited funds, to wit:

The Governments Forfeiture and Seizure of Home-I sales at Claim-I, starting graciously at July 25, 2016 sentencing date of:

```
Over Toto................: $18,678.28
@ 6% Monthly Interest....: $ 1,120.70
For 16 Months to date....: $17,931.20 Total
interest due with,.......: $ 1,120.70
```

proceeding months forthcoming in cumulation thereto: and

In Re: CLAIM-II. [FRP]

Invoking the restrictions of 28:2465(b)(2)(A), supra, Mr. Morgenstern requests Interests on the following Wrongfully Seized/Forfeited FRP payments taken from his Inmate Trust Account:

```
With 6% Monthly Interest of $25.00, from
12-9-16, @ $1.50 x 10-Months to date= $15.00
 6-9-17, @ $1.50 x  3-Months to date= $ 4.50
 9-8-17, @ $1.50 x  1-Month  to date= $ 1.50
For a Total of,..................... $21.00
```

interest due with $1.50, per Seizure for each proceeding month.

—10—

In Re: CLAIM III. [$13,458.55, Trust Account]

Invoking the restrictions of 28:2465(b)(2)(A), supra, Mr. Morgenstern requests Interests on Wrongfully Seized/Forfeited Inmate Trust Account funds of $13,458.55, with 6% monthly interest starting at August, 2017.

    Over Toto................: $13,458.55
    @ 6% Monthly Interest of..: $    807.51
    for One Month to Date.....: $    807.51
    Interest Due with.........: $    807.51 proceeding

months forthcoming in cumulation thereto.

Mr. Morgenstern, persuades this Court pursuant to Title 28 USC §2465(b)(1)(B)(C)(i)(ii) to hold the United States liable for "(i)" interests actually paid to the United States from the date of Wrongful Seizure/Forfeiture imputed to their Forfeiture Account Funds held in trust to the District Court, and/or "(ii)" for interest imputed to the amount that such currencies, ad hoc, would have earned at the rates applicable to the 30-day Treasury Bill (i.e., 6%) for any period during which no interest was paid, commencing 15-days after the currencies were Seized by Federal Law Enforcement Agencies or was turned over to a Federal Law Enforcement Agency, without depreciation of value thereof 28:2465(b)(2)(A), a total amount of [$18,759.71] total interest due to be placed on Morgensterns Account, for the Wrongful Seizure thereof said currencies.

(C) DAMAGES: CLAIM-IV, HOME-2

Mr. Morgenstern requests damages for Wrongful Seizure of property in relation to Home-2, in conjunction with Lis Pendence Law for the loss of approximately $360,000.00 in

investment of Home Two, and $33,000.00 at $1,000.00 per month forced to pay rent when Home-2 could have been clear or close to cleared by now.

Specifically, a Lis Pendense does not protect further Payment/Investments paid on a home once the Government forfeits a home. Thus the Governments unexpected threat of financial loss, due Lis Pendense place on Home-2, caused the aforementioned damage to which the Claimant has acquired at $360,000.00 investment, and an additional $33,000.00 attached to the damage.

The Governments Lis Pendense was instituted through and by Civil Status, pursuant to Federal Rules of Civil Procedure, within the State of Washington.

Pursuant to Washington Rev. Code § 4.28.325, a party may file a Lis Pendense to serve notice of an action affecting the title of real property, however, if a Lis Pendense is improperly filed, the Court in which the underlying action was commenced may order the Notice to be canceled, in whole or in part and hold the Filer liable for actual damages and for reasonable attorney fees incurred in canceling the Lis Pendense. Wash.Rev.Code § 4.28.328(2). See Omidi v. United States, 851 F.3d 859 (9th Cir.2017).

Washington Rev. Code 4.28.325, supra, falls within the scope of 28 USC §2465 Liability for Condemnation and or Seizure of Property for which the Government Party should be liable for the return of the $360,000.00 and forced rent/costs. 28 USC § 2465(a)(1), (b)(1)(A)(B), (b)(2)(A).

V.                               RELIEF

Wherefore, premises considered, Mr. Morgenstern

—12—

respectfully requests this Court to order the following actions to occur.

1.) <u>as to Claim-I</u>: Order the United States, to reimburse Mr. Morgenstern by placing $18,678.28, on Mr. Morgenstern's Inmate Trust Fund Account, inclusive of;

2.) $17,931.20 interest which would have been earned at 6% rate applicable to the 30-day Treasury Bill, thereof.

3.) <u>As to Claim-II</u>: Order the United States to reimburse Mr. Morgenstern by placing $75.00 on Mr. Morgenstern's Inmate Trust Funds Account, inclusive of;

4.) $21.00 interest which would have been earned at 6% rate applicable to the 30-day Treasury Bill.

5.) <u>As to Claim-III</u>: Order the United States to reimburse Mr. Morgenstern by placing $13,458.55 back on Mr. Morgenstern's Inmate Trust Account, inclusive of;

6.) $807.51 interest which would have been earned at a 6% rate applicable to the 30-day Treasury Bill.

7.) <u>As to Claim-IV</u>: Order the United States to reimburse Mr. Morgenstern by placing $360,000.00 on Mr. Morgenstern's Inmate Trust Account, inclusive of;

8.) $33,000.00 in costs as to Claim-IV; and

9.) <u>Any other relief</u> deemed proper by this

-13-

Court.

Respectfully Submitted,

On this the _21_ day of _NOVEMBER_, 2017

_____

Mr. Craig A. Morgenstern

Reg. No. 17551-085

USP-Tucson. P.O. Box #24550

Tucson, Arizona        85734