FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG ALLEN MORGENSTERN,<br>                Movant,<br>  -vs-<br>UNITED STATES OF AMERICA,<br>                Respondent. | No.   2:14-CR-0161-WFN-1<br>ORDER RE: § 2255 MOTION |

      Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 209. The Motion is submitted by Mr. Morgenstern, who is appearing *pro se* in these proceedings.

**BACKGROUND**

      Mr. Morgenstern was indicted on November 4, 2014 in a multi-count Indictment alleging a series of crimes related to filming Defendant's sexual abuse of children. A Third Superseding Indictment alleged 35 counts all in a similar vein. The Court dismissed Count 16SSS on motion of the Government. A jury found Mr. Morgenstern guilty on the remaining 34 counts. The Court imposed a life sentence on twelve counts, to be served concurrently with lower sentences on the remaining counts. The Court dismissed Count 35SSS at sentencing. Mr. Morgenstern timely appealed the judgment assigning the following errors: (1) insufficient evidence to support convictions for Aggravated Sexual Abuse of a Child; (2) insufficient evidence of sedation; (3) insufficient evidence to prove venue for Aggravated Sexual Assault; (4) failure to exclude victims' parents from the courtroom during the trial; (5) deprivation of a fair trial due to a sleeping juror and inadequate deliberations. On March 1, 2018, the Ninth Circuit affirmed this Court issuing a mandate on March 23, 2018. Judgment became final for purposes of collateral attack ninety days later, when the certiorari period expired.

ORDER ON § 2255 MOTION - 1

## DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Morgenstern must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Morgenstern has shown that he is in custody and that his request for relief is timely. Mr. Morgenstern makes several arguments in support of the third prong. His arguments fall in two broad categories, allegations of ineffective assistance of counsel and alleged legal error.

Generally speaking, Mr. Morgenstern's claims of ineffective assistance of counsel warrant a response from the Government. Specifically, the Government shall respond to Mr. Morgenstern's concerns that his counsel (1) failed to hire required experts; (2) ailed to investigate and properly address his mental health issues; (3) refused to permit Mr. Morgenstern to testify; (4) failure to inform the Court that Mr. Morgenstern wanted new counsel; (5) failed to convey plea offers; and (6) failed to present a Rule 29 motion.

However, the Government need not respond to the arguments other than those of ineffective assistance of counsel. Most of those issues were already addressed by the Ninth Circuit, including concerns with venue and failure to exclude parents of victims. Also, the Government need not respond to the alleged instruction error pertaining to violation of 18 U.S.C. §2241(c) because his argument relies upon a misreading of the statute. A jury can find a person guilty of 18 U.S.C. § 2241(c) if the person violates either subsection (a) or (b) with another person who has attained the age of twelve but has not yet attained the age of 16. The Government need not respond to Mr. Morgenstern's assertion that he should have been permitted to cross-examine non-witness minors as no such constitutional right exists. No restrictions were placed on Mr. Morgenstern's right to cross-examine trial witnesses. Lastly, the Government need not address Mr. Morgenstern's concerns related to access to discovery. Defense counsel raised the issue while Mr. Morgenstern was in custody. Mr. Morgenstern had the opportunity to review all discovery with counsel, but pursuant to local policy was not permitted to maintain discovery in his cell. Nor was he permitted access to contraband discovery, though his counsel had ample opportunity to view contraband in a Government facility.

Due to Mr. Morgenstern's allegation of ineffective assistance, the Government may seek information protected by attorney client privilege to more fully respond. "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). Attorney client privilege with Bryan Whitaker is waived for the purposes of addressing Mr. Morgenstern's § 2255 petition.

Lastly, Mr. Morgenstern challenges the constitutionality of his supervised release conditions. In order to address this issue, the Court requests that he file a motion to modify the terms of release that specifies which terms he objects to and why the offending term of release is problematic. Mr. Morgenstern's broad allegation that the terms are

unconstitutional due to First Amendment concerns is insufficient for the Court to assess the merits of Mr. Morgenstern's claims.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The United States shall answer Movant's § 2255 Motion by **May 15, 2019**. The contents of the answer shall conform to the requirements of Rule 5(b) of the Rules-Section 2255 Proceedings.

2. Movant shall serve and file a reply to United States answer, if any, **within thirty (30) days of service** of the United States' answer.

3. If Movant raises new issues in his reply, the Government may respond to those issues in a supplemental response to be filed and served within 20 days of service of the Movant's reply.

4. The Court will take the matter under advisement when the briefing is complete.

5. Movant shall serve upon the United States Attorney a copy of every further pleading or document submitted for consideration by the Court. He shall include with the original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the United States. The Movant shall also supply to the District Court Executive a copy for the Judge of all filings. Local Rule 5.1(a). Any paper received by a District Court Judge which has not been filed with the District Court Executive or which fails to include a certificate of service will be disregarded by the Court. Movant is also advised that throughout this action he must notify the District Court Executive regarding any change of address.

The District Court Executive is directed to file this Order and provide copies to counsel and *pro se* Movant

**DATED** this 11th day of April, 2019.

                                      s/ Wm. Fremming Nielsen
                                  WM. FREMMING NIELSEN
04-10-19                   SENIOR UNITED STATES DISTRICT JUDGE