FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG ALLEN MORGENSTERN,<br><br>                Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | No.   2:14-CR-0161-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

      Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 209). The Motion is submitted by Mr. Morgenstern, who is appearing *pro se* in these proceedings.

      The Court issued an order asking the Government to respond to the following ineffective assistance claims raised in Mr. Morgenstern's § 2255 Motion: his counsel (1) failed to hire required experts; (2) failed to investigate and properly address his mental health issues; (3) refused to permit Mr. Morgenstern to testify; (4) failed to inform the Court that Mr. Morgenstern wanted new counsel; (5) failed to convey plea offers; and (6) failed to present a Rule 29 motion under two separate theories.

## DISCUSSION

      To gain relief, Mr. Morgenstern must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. The Court previously found that Mr. Morgenstern met the first two prongs.

ORDER ON § 2255 MOTION - 1

As a preliminary issue, the Court finds that an evidentiary hearing is unwarranted in this case. Though Mr. Morgenstern is correct that a few issues of disputed facts exist, even taking Mr. Morgenstern's facts at face value, he has failed to demonstrate prejudice where disputes arise as discussed at more length below. Therefore, the Court proceeds on the briefing.

In order to prevail on his ineffective assistance claims, Mr. Morgenstern must prove both that (1) counsel's performance was deficient and (2) that he was prejudiced by the deficient performance. *United States v. Strickland*, 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Movant must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

**I. Failure to Hire Expert Witness**

Mr. Morgenstern argues that Mr. Whitaker performed ineffective assistance of counsel by failing to hire an expert to conduct a survey of eligible jurors to challenge venue. The Government concedes that Mr. Whitaker didn't file any materials from the exact type of expert Mr. Morgenstern now claims was needed, but the Government notes that Mr. Whitaker filed a motion with the Court raising the issue of potential jurors' media exposure in which Mr. Whitaker ably argued the issue of panel prejudice through exposure to the case in media sources. ECF No. 58. The motion relied upon expert services rendered by Cutaway Media, an expert in market penetration and publicity. ECF No. 71. Despite the expert report, the Court denied the motion. ECF No. 67. Mr. Morgenstern has produced no evidence in support of his § 2255 that a different expert would have come to a conclusion

that would have altered the Court's decision. He simply suggests that lack of an expert harmed him. Because he cannot show that failure to hire a particular expert prejudiced him, this claim fails.

## II. Failure to Investigate and Address Mental Health

Mr. Morgenstern indicates, and his trial counsel agrees, that he did not undergo a mental health evaluation specific to his involvement in the case. Mr. Whitaker indicates that Mr. Morgenstern did undergo a psycho-sexual exam with Mr. Paul Wert. Mr. Morgenstern alleges that this failure amounted to a failure to present mitigating evidence of mental health issues at sentencing. However, as the Government notes, the Presentence Investigation Report addresses Mr. Morgenstern's mental health struggles at length. The Court reviewed the report at the time of sentencing and took into account all of Mr. Morgenstern's personal circumstances when fashioning the ultimate sentence. Failure to seek an outside evaluation did not prejudice Mr. Morgenstern.

## III. Refused to Permit Defendant to Testify

Mr. Morgenstern alleges that Mr. Whitaker refused to permit him to take the stand. Mr. Whitaker disputes this fact but acknowledges he strongly discouraged Mr. Morgenstern from testifying due to the "debacle" of Mr. Morgenstern's testimony during an evidentiary hearing. A defendant has a right to testify in their own defense. *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). However, as Mr. Whitaker noted, Mr. Morgenstern was easily goaded during his testimony at the evidentiary hearing and may have done himself a disservice if he testified at trial. Mr. Morgenstern does not indicate what his trial testimony would have been. Nor does he make a claim that had he been able to testify that the outcome of the trial would have been different; therefore, even if Mr. Whitaker prevented Mr. Morgenstern from testifying, Mr. Morgenstern did not demonstrate prejudice. The evidence at trial included, but was not limited to, recordings depicting Mr. Morgenstern committing the crimes alleged in the Indictment. It is difficult to imagine Mr. Morgenstern's testimony that would have undermined such strong evidence.

### IV. Failed to Inform Court the Defendant Desired New Counsel

Mr. Morgenstern and Mr. Whitaker disagree about whether Mr. Morgenstern expressed a desire to hire new counsel or proceed *pro se*. However, the record is clear that Mr. Morgenstern never raised the issue to the Court. Mr. Morgenstern demonstrated early in the case that he was savvy enough to seek new counsel when he was unhappy with his original attorney, Chris Phelps. See ECF No. 51. He fired Mr. Phelps and retained Mr. Whitaker. *Id.* From July 20, 2015 – January 15, 2016, Mr. Whitaker served as retained counsel serving at Mr. Morgenstern's whim. When Mr. Morgenstern was unable to pay for retained counsel, the Court agreed to allow Mr. Whitaker to continue on as defense counsel but paid pursuant to the CJA. Once Mr. Whitaker was appointed as CJA counsel, Mr. Morgenstern maintained the right to counsel, but not to the counsel of his choice. *United States v. Rewald*, 889 F.2d 836, 856 (9th Cir.1989); *United States v. Ray*, 731 F.2d 1361, 1365 (9th Cir.1984). There is no indication on the record that any conflict arose between Mr. Whitaker and his client. Nor did Mr. Morgenstern ask to proceed pro se anytime from Mr. Whitaker's appointment until the end of the appeal.

Even if Mr. Morgenstern had asked for new counsel or to proceed *pro se*, Mr. Morgenstern cannot show that his request would have been granted. The trial began about a month after Mr. Whitaker's appointment. Mr. Morgenstern offers no justification for why Mr. Whitaker was unfit to represent him. The Court observed Mr. Whitaker put on a vigorous defense at trial. Mr. Whitaker and Mr. Morgenstern demonstrated no discord. Further, Mr. Morgenstern has not shown that a different attorney, or proceeding *pro se*, could have affected the results of the trial, therefore he has not demonstrated prejudice.

### V. Failed to Convey Plea Offers

Despite the Court's initial characterization of this issue, Mr. Morgenstern complains that his counsel failed to "attempt to negotiate a plea agreement." He does not dispute the assertions Mr. Whitaker makes regarding Mr. Morgenstern's insistence that Mr. Whitaker push for a sentence of 120 months, nor does he contest the fact that the Government countered with 50 years, then life. Mr. Morgenstern does not indicate

that he would have accepted an offer of 50 years or life. Mr. Whitaker could have negotiated himself blue in the face, but if Mr. Morgenstern was unwilling to accept the Government's offer, he cannot demonstrate ineffective assistance, nor can he demonstrate prejudice.

**VI. Failed to Present Rule 29 Motion**

Mr. Morgenstern argues that counsel should have sought a judgment of acquittal on charges requiring proof of sedation, Counts 1, 8, and 18, and failure to do so was ineffective assistance of counsel. Mr. Whitaker raised this exact argument, albeit to the correct counts: 1, 8, and 19. Therefore, the claim is moot.

Mr. Morgenstern also takes issue with Mr. Whitaker's failure to request a directed verdict on charges requiring that the Government prove purpose pursuant to 18 U.S.C. § 2251(a). Without specifying a different purpose, Mr. Morgenstern argues that the Government was required to prove that the only reason he sexually molested children was for the purpose of filming his acts. However, this is an incorrect statement of the law. "We have held that dual purposes are sufficient for a conviction under § 2251(a), and that we need not concern ourselves with whether the illegal purpose was dominant over other purposes." *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016). To succeed on this claim Mr. Morgenstern must show that the Court was likely to grant a Rule 29 motion on the theory presented. The record at trial contains ample circumstantial evidence supporting a conclusion that a purpose of Mr. Morgenstern's conduct was recording the sexual abuse. The Court would not have granted a Rule 29 motion on this theory.

**CONCLUSION**

On each of the claims raised, Mr. Morgenstern did not demonstrate prejudice, and in a few of the issues raised he failed to make a claim of error. Even in those claims where Mr. Morgenstern and Mr. Whitaker's version of events differ, taking the facts in the most favorable light to Mr. Morgenstern, he does not make a showing that but for Mr. Whitaker's alleged errors the results would have been different.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus, a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed February 19, 2019, **ECF No. 209**, is **DENIED**.

2. Movant's Motion for Status Update and Extensions, filed November 13, 2019, **ECF No. 218**, is **GRANTED**. The Court accepts Mr. Morgenstern's reply as timely.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:19-CV-0058-WFN.

**DATED** this 27th day of February, 2020.

02-13-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE